IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK C. FORD | ) | Civil Action No. 2:24-cv-1023 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUNICIPALITY OF PENN HILLS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, PATRICK C. FORD, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended).  Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

   a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about February 19, 2021 and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

   b. The United States Department of Justice issued a Notice of the Right to Sue dated April 16, 2024 and;

   c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Patrick C. Ford, is an adult male individual who resides in Westmoreland County, Pennsylvania. Plaintiff is an Asian individual and Pacific Islander.

6. Defendant, Municipality of Penn Hills, is a Pennsylvania municipal entity with an address of 102 Duff Road, Pittsburgh, Pennsylvania 15235.

7. At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

8. Plaintiff has been employed by the Defendant as a law enforcement officer since in or about January of 2014.

9. Throughout the Plaintiff's employment with the Defendant, Plaintiff has been subjected to discrimination and a hostile work environment based on his race, Asian, and/or national origin, Pacific Islander.

10. Throughout the Plaintiff's employment with the Defendant, Plaintiff was repeatedly subjected to offensive comments and jokes by the Defendant's Chief of Police, Howard Burton ("Burton"), that were vulgar and racist.

11. A number of the vulgar and racist comments by Chief Burton were directed toward the Plaintiff, based on his race, Asian, and/or national origin, Pacific Islander.

12. By way of example, in or about 2020, Chief Burton stated to the Plaintiff, "Your people are fucking up the world." When the Plaintiff asked Chief Burton what he meant, Chief Burton responded, "The Chinese Virus," referring to the COVID-19 pandemic.

13. Plaintiff stated that he was not Chinese, and that he was Pacific Islander. Chief Burton responded to the Plaintiff, "It's all the same."

14. Chief Burton also made numerous vulgar and racist comments toward other minority groups, including, but not limited to, stating, "What's long and hard for a black boy? Eighth grade."

15. On several occasions throughout the Plaintiff's employment with the Defendant, Plaintiff has been denied selection for the Defendant's K-9 Unit and SWAT team.

16. Plaintiff believes, and therefore avers, that he was denied selection for the Defendant's K-9 unit and Defendant's SWAT Team based on his race, Asian, and/or national origin, Pacific Islander.

17. On or about August 4, 2020, Plaintiff was suspended, pending an investigation and without pay, for violating Defendant's policy by running his license plate through the CLEAN/NCIC system.

18. Defendant then subjected the Plaintiff to an external investigation by the Pennsylvania State Police for the aforementioned policy violation.

19. Multiple similarly-situated, Caucasian officers employed by the Defendant, however, were not subjected to the same investigatory practices as the Plaintiff, were not subjected to external investigations, and/or were not subjected to disciplinary actions for similar policy violations.

20. By way of example, a similarly-situated, Caucasian officer also ran his own license plate through the CLEAN/NCIC system and was not subjected to the same investigatory practices as the Plaintiff, was not externally investigated, and was not reprimanded and/or suspended without pay for that policy violation.

21. Moreover, another similarly-situated, Caucasian officer engaged in a more severe violation of Defendant's policies than the Plaintiff's aforementioned violation by giving out license plate information from the CLEAN/NCIC system to a private citizen on a call.

22. The aforementioned similarly-situated, Caucasian officer was not subjected to the same investigatory practices as the Plaintiff, was not externally investigated, and was not reprimanded and/or suspended without pay for that policy violation, despite the fact that that officer had six (6) prior reprimands for misconduct.

23. On or about September 4, 2020, Plaintiff filed a complaint of discrimination with the Defendant, wherein the Plaintiff complained that he was subjected to discrimination based on his race, Asian, and/or national origin, Pacific Islander.

24. In the aforementioned complaint, Plaintiff also stated that Chief Burton made racist comments about the Plaintiff and other minority groups, including African-Americans.

25. The investigation of the Plaintiff's policy violation, as more fully described hereinbefore above, at Paragraph 17, was concluded in October of 2020 and resulted in the Plaintiff's suspension from the CLEAN/NCIC system.

26. In addition, the Defendant suspended the Plaintiff, without pay, at that time.

27. Plaintiff believes, and therefore avers, that he was subjected to the aforementioned disciplinary action based on his race, Asian, national origin, Pacific Islander, and/or in retaliation for engaging in a protected activity, to complaining of discrimination, as more fully described hereinbefore above.

28. As stated hereinbefore above, similarly-situated, Caucasian officers employed by the Defendant were not subjected to such investigatory practices and/or disciplinary actions as the Plaintiff's above-described suspension for similar or more severe policy violations.

29. Following the Plaintiff's complaint of discrimination, as described hereinbefore above, Plaintiff was again denied selection for the Defendant's K-9 Unit and SWAT team.

30. Plaintiff believes, and therefore avers, that he was denied selection for the Defendant's K-9 unit and Defendant's SWAT Team based on his race, Asian, and/or national origin, Pacific Islander, and/or in retaliation for engaging in a protected activity, to wit, filing a complaint of discrimination.

31. For the reasons stated hereinbefore above, Plaintiff believes, and therefore avers, that he has been discriminated against by the Defendant based on his race, Asian, and/or national origin, Pacific Islander, and/or retaliated against for engaging in a protected activity, to wit, filing a complaint of discrimination.

32. As a result of the Defendant's actions, Plaintiff has been adversely affected, both financially and professionally.

33. Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination.

## COUNT I:

## TITLE VII –DISCRIMINATION BASED ON RACE

34. Plaintiff incorporates by reference Paragraphs 1 through 33 as though fully set forth at length herein.

35. As described hereinbefore above, Plaintiff was subjected to a hostile work environment, discriminated against based upon his race, Asian, and treated in a manner which is different than and disparate to that of other employees who were Caucasian.

36. As more fully described hereinbefore above, throughout the Plaintiff's employment with the Defendant, Plaintiff has been denied selection for the Defendant's K-9 Unit and SWAT team based on his race, Asian.

37. Furthermore, Chief Burton's comments, as more fully described hereinbefore above, are direct evidence of unlawful discrimination against the Plaintiff.

38. As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. The Plaintiff has also incurred counsel fees and other costs in pursuing his legal rights.

39. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

40.     The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

41.     The actions of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly-situated to the Plaintiff.

      WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.  that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.  that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d.  that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e.  that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

      JURY TRIAL DEMANDED.

## COUNT II:

## TITLE VII - DISCRIMINATION BASED ON NATIONAL ORIGIN

42.     Plaintiff incorporates by reference Paragraphs 1 through 41 as though fully set forth at

length herein.

43. As described hereinbefore above, Plaintiff was subjected to a hostile work environment, discriminated against based upon his national origin, Pacific Islander, and treated in a manner which is different than and disparate to that of other employees who were Caucasian.

44. As more fully described hereinbefore above, throughout the Plaintiff's employment with the Defendant, Plaintiff has been denied selection for the Defendant's K-9 Unit and SWAT team based on his national origin, Pacific Islander.

45. Furthermore, Chief Burton's comments, as more fully described hereinbefore above, are direct evidence of unlawful discrimination against the Plaintiff.

46. As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. The Plaintiff has also incurred counsel fees and other costs in pursuing his legal rights.

47. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

48. The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

49. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly-situated to the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.       that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.       that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

    d.       that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

    e.       that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

    f.       that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.       that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT III:

<u>TITLE VII - RETALIATION</u>

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. As described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity. The retaliatory conduct included suspending the Plaintiff, without pay, in October of 2020, and denying the Plaintiff selection for the Defendant's K-9 Unit and SWAT team after the Plaintiff complained of discrimination.

52. As a direct result of Defendant's discriminatory actions, and in violation of Title VII, Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In

addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing his legal rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

53. The actions of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly-situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d. that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated and retaliated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT IV:

PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates by reference Paragraphs 1 through 53 as though fully set forth at length herein.

55. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

56. As described hereinbefore above, the Defendant discriminated against the Plaintiff based on his race, Asian, and national origin, Pacific Islander.

57. By discriminating against the Plaintiff without just cause or legal excuse and solely because of his race and national origin, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendant has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon race and national origin with respect to compensation for, continuation in and tenure of, employment, as well as prohibiting the aiding and abetting of such discrimination.

58. As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In addition, Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among his peers and stress.

59. As more fully set forth hereinabove, Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

60. The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative the PHRA

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d. that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e. that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: July 15, 2024